UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL McMANUS,

          Plaintiff,

v.

McMANUS FINANCIAL CONSULTANTS, INC.; McMANUS & CO., INC.; AEOLUS PHARMACEUTICALS, INC.; and JOHN McMANUS, an individual,

          Defendants.

3:11-CV-00134-LRH-VPC

ORDER

    Before the court is Defendants McManus & Company, Inc. ("MCI"), McManus Financial Consultants, Inc. ("MFCI"), and Aeolus Pharmaceuticals, Inc.'s ("Aeolus") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (#10[1]).  Plaintiff Michael McManus filed an opposition (#18), and Defendants replied (#19).  Also before the court is Defendants' Motion to Dismiss Plaintiff's Complaint (#5), which will be denied as moot given Plaintiff's subsequent filing of a First Amended Complaint.

**I.     Facts and Procedural History**

    Plaintiff and his brother, John McManus, were business partners and worked together as President and Executive Vice President, respectively, of MCI and MFCI.  Plaintiff also served as

---

[1]Refers to the court's docket entry number.

1  Aeolus' Chief Financial Officer pursuant to a contract between MCI and Aeolus for the provision
2  of financial consulting services.

3    Plaintiff essentially alleges that he was terminated from Aeolus in retaliation for engaging
4  in whistleblowing regarding securities fraud.  Plaintiff alleges that in October 2009, Aeolus
5  investors provided financing in return for shares in Aeolus converted from certain notes.  In
6  November 2009, the investors sought to renegotiate the conversion price of the notes.  In December
7  2009, Plaintiff reported to Aeolus' CEO and its Chairman of the Board that they could not change
8  the conversion price and give additional shares to investors for no consideration and without a new
9  agreement.  Plaintiff alleges that he exposed the plan as constituting securities fraud, in violation of
10  18 U.S.C. § 1348, for knowingly omitting from other shareholders the lack of a new agreement and
11  consideration, which would harm their interests.

12    Plaintiff alleges that despite his warnings, Aeolus' Board of Directors voted to approve the
13  amendment.  Accordingly, the conversion price was adjusted downward and additional shares were
14  issued to the investors without additional consideration or a new agreement.  The Form 8-K filed
15  with the Securities and Exchange Commission regarding the transaction stated the reason for the
16  transaction as an "error in the [original] conversion price" and that the price was being lowered "to
17  correct a misunderstanding."  As CFO, Plaintiff signed the filing.  Plaintiff alleges, however, that
18  he signed the filing as a condition of continued employment.

19    In January 2010, Plaintiff's salary was reduced and he was eventually terminated as Aeolus'
20  CFO.  In April 2010, Plaintiff filed an OSHA complaint against Aeolus alleging violations of the
21  Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A.  OSHA did not pursue the complaint, and after
22  the passage of 180 days Plaintiff later received a right to sue letter.

23    In May 2010, Plaintiff filed an action in this court against MCI, MFCI and Aeolus based on
24  diversity jurisdiction in which he alleged a single cause of action for tortious discharge under
25  Nevada law.  In October 2010, the court granted Defendants' motion to dismiss for lack of subject
26

matter jurisdiction due to the lack of complete diversity.

On February 23, 2011, Plaintiff re-filed his action, this time alleging three causes of action for (1) tortious discharge, (2) retaliation under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, and (3) tortious interference with contractual relations.  Defendants now move to dismiss Plaintiff's First Amended Complaint (#10) for failure to state a claim.[2]

## II.   Legal Standard

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

---

[2]The other named defendant, John McManus, has been dismissed pursuant to stipulation (#17).

3

relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

**III.    Discussion**

Plaintiff concedes that he named only Aeolus in his OSHA complaint and that the failure to exhaust administrative remedies as to MCI and MFCI precludes Plaintiff's Sarbanes-Oxley claim against them. Accordingly, the motion to dismiss will be granted in this respect.

Aeolus also moves to dismiss this claim on the merits, contending that Plaintiff has failed to allege sufficient facts to establish that he engaged in protected activity because he failed to identify a category of fraud actionable under 18 U.S.C. § 1514A.

Section 1514A prohibits retaliation against whistleblowers in fraud cases. Specifically, it prohibits a publicly traded company from discharging an employee for providing information "regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348 [governing mail fraud, wire fraud, bank fraud and securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). The elements of a prima facie case under § 1514A include: (a) the employee engaged in protected activity or conduct; (b) the

1  named person knew or suspected, actually or constructively, that the employee engaged in the

2  protected activity; (c) the employee suffered an unfavorable personnel action; and (d) the

3  circumstances were sufficient to raise the inference that the protected activity was a contributing

4  factor in the unfavorable action.  29 C.F.R. § 1980.104(e)(1).

5        "[T]o constitute protected activity under Sarbanes-Oxley, an employee's communications

6  must 'definitively and specifically' relate to one of the listed categories of fraud or securities

7  violations under . . . § 1514A(a)(1)."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996-97 (9th

8  Cir. 2009) (internal quotation marks, brackets and citation omitted).  The reasonable belief

9  requirement of § 1514A requires that the employee have both "(1) a subjective belief that the

10  conduct being reported violated a listed law, and (2) this belief must be objectively reasonable."  *Id.*

11  at 1000.  To establish securities fraud, a plaintiff must demonstrate (1) a material misrepresentation

12  or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4)

13  transaction and loss causation, and (5) economic loss.  *Id.* at 1001.

14        Here, Plaintiff alleges that his statements to Aeolus' CEO and Chairman "exposed the plan

15  to be a violation of 18 U.S.C. §1348, securities fraud, by knowingly omitting from other

16  shareholders a material fact - - lack of a new agreement and/or consideration which would

17  necessarily result in harm, . . . that the 8-K disclosure would not reveal this omitted material fact, a

18  disclosure upon which the other investors would reasonably rely, and that the investors would be

19  harmed thereby."  First Amended Complaint (#8), ¶ 4.

20        In response, Defendants submit the actual Form 8-K, dated December 24, 2009, which

21  states in pertinent part:

22  **Item 1.01. Entry into a Material Definitive Agreement**
    On December 24, 2009, Aeolus Pharmaceuticals, Inc. (the "Company") entered

23  into an amendment (the "Amendment") to the Securities Purchase and Exchange
Agreement dated October 6, 2009 (the "Agreement") pursuant to which the

24  Company agreed to lower the conversion price of the Company's Senior Convertible
Notes issued in 2008 (the "Notes") from $0.35 per share to $0.28 per share and as a

25  result, issued to the Investors in the Company's October 2009 financing (the

26

"Financing") an additional 714, 286 shares of the Company's Common Stock (the "Shares") upon conversion of the Notes (the "Issuance").  The Amendment was executed to resolve a misunderstanding regarding one of the Financing terms between the Company and the investors in the Financing.  The Company will not receive any proceeds from the Issuance. . . .

Request for Judicial Notice (#9), Exh. 2, p. 2.  The Amendment itself was also filed as an exhibit to the Form 8-K.  *See id.*

In ruling on a motion to dismiss, a court may consider not only the allegations contained in the pleadings but also "exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Moreover, in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which their claims are based," the court may also consider documents not physically attached to the complaint if (1) the documents' authenticity is not contested, and (2) either the allegations of the complaint "explicitly incorporate[]" the documents' contents, or the complaint "necessarily relies" on the documents, in that they are "crucial" or "essential" to the plaintiff's claims.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

Accordingly, considering the Form 8-K here, the court finds that the document contradicts Plaintiff's allegation that it failed to disclose to other shareholders two material facts: "lack of a new agreement and/or consideration."  In fact, the 8-K specifically states that Aeolus entered into an amendment and attached the same, it specifies the terms of the amended conversion (including the adjustment of the conversion price and the number of new shares issued), and it specifically states that Aeolus "will not receive any proceeds from the Issuance."  Thus, the contents of the document directly contradict Plaintiff's allegations that the Form 8-K failed to disclose such facts.  Plaintiff's allegations that the Form 8-K failed to disclose these facts therefore need not be taken as true, and in their absence Plaintiff fails to state a claim under § 1514A.  The court shall therefore grant the motion to dismiss the second claim for relief as to all defendants.

1    The parties agree that in the absence of any other federal claims, the court should decline to

2   exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28

3   U.S.C. § 1367(c)(3).  Accordingly, such claims will be dismissed without prejudice.

4    IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint

5   (#5) is DENIED as moot.

6    IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended

7   Complaint (#10) is GRANTED.

8    IT IS SO ORDERED.

9    DATED this 19th day of March, 2012.

10

11   _____

12   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26